UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.   CR-05-203 RSM |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT EARL HAMPTION | ) | DETENTION ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Offense charged: Bank Fraud, in violation of Title 18, U. S. C. 1344 and 2.

Date of Detention Hearing: August 3, 2005.

The court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions, which defendant can meet, will reasonably assure the appearance of defendant as required and the safety of any other person and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The defendant resides in Seattle, Washington and has for the past 25 years. He is unemployed at this time but has held employment in various capacities fore the past 10-15 years. He is currently on supervision to the King County Superior Court, the Hon. Catherine Shaffer for a reduced felony/misdemeanor domestic violence assault.

(3) Outweighing these factors is a history of criminal convictions, both misdemeanor and felony which exceed 89 in number. Replete with this history are series of failures to appear, most recently his last conviction for domestic assault. His use of 17 aliases, 6 dates of birth and 4 social security numbers also factor in the court's decision to detain..

(2) Accordingly, due to the nature and seriousness of the crime alleged, release of the defendant would pose a risk to the community.

Thus, there is no condition or combination of conditions that would reasonably assure future court appearances.

It is therefore ORDERED:

(l) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 4th day of August, 2005.

Monica J. Benton
United States Magistrate Judge